**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq. (Cal. Bar No. 332334)
2500 S. Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA ALEXANDRA MENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No. **'21CV141 AJB KSC**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Maria Alexandra Mendez ("Plaintiff"), by and through the undersigned counsel, complaining of I.Q. Data International, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of California, Defendant conducts business in the Southern District of California, and maintains significant business contacts in the Southern District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of California.

5. Defendant is a business entity engaged in the collection of debts within the State of California. Defendant is incorporated in the State of Washington.

6. The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In May of 2014, Plaintiff moved into an apartment at Santa Fe Ranch Apartments in Carlsbad, California.

8. After becoming unemployed due to COVID-19, Plaintiff was unable to make her rent payments in March, April, and May of 2020, resulting in relocation and a balance of $3,453.01 due to Santa Fe Ranch Apartments ("subject debt").

9. Subsequently, Defendant acquired the rights to collect the defaulted subject debt and initiated collection activity against Plaintiff.

10. On August 26, 2020, Plaintiff filed a lawsuit in the United States District Court for the Southern District of California, Case No. 3:20-cv-01666-JAH-DEB, against Defendant for its alleged conduct in attempting to collect upon the subject debt ("the lawsuit").

11. On or around October 20, 2020, Plaintiff and Defendant resolved the lawsuit, and Defendant agreed to cease collection of the subject debt.

12. Pursuant to the settlement agreement, Defendant was to cease all further collection

activity on the subject debt.

13. The settlement agreement was fully executed and binding after all parties signed on November 23, 2020.

14. Despite the settlement and Defendant's explicit agreement to cease further collection activity on the subject debt, Defendant mailed Plaintiff a collection letter dated January 12, 2021, attempting to collect upon the subject debt ("collection letter"). *See* Exhibit A, a true and correct copy of the January 12, 2021 collection letter sent to Plaintiff.

15. Specifically, Defendant's collection letter sought to collect a balance of $3,453.01, plus interest of $119.59, despite Defendant's explicit agreement that it would cease collection of the subject debt.

16. Plaintiff was perplexed and concerned as to why Defendant had mailed her a collection letter 2 months after the subject debt was settled since she did not owe the subject debt at the time Defendant mailed the collection letter.

## DAMAGES

17. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, and anxiety as Plaintiff was led to believe she still owed the subject debt.

18. Concerned about the violations of her rights and Defendant's misrepresentations, Plaintiff was forced to seek the assistance of counsel *again* to file this action to compel Defendant to cease its unlawful collection activity.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

3

21. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

23. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

24. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25. Defendant violated 15 U.S.C. §1692e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

**a. Violations of FDCPA §1692e**

26. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged subject debt. The subject debt was not collectible at the time Defendant mailed the collection letter to Plaintiff.

27. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant mailed the collection letter to Plaintiff despite Plaintiff not owing the subject debt, which had previously been resolved in October 2020. Defendant knew or should have known that Plaintiff did not have any legal obligation to pay the subject debt, but despite having actual knowledge of the same, Defendant continued to collect the subject debt.

28. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the

subject debt, Defendant led Plaintiff to believe she still owed a debt that she did not truly owe, thus hoping to drive Plaintiff to make yet another payment.

### b. Violations of FDCPA §1692f

29.   Defendant violated §1692f by unfairly and unconscionably mailing Plaintiff the collection letter 2 months after the subject debt had been settled in full in hopes of coercing her into paying a debt she did not owe.

30.   Defendant violated §1692f(1) by attempting to collect an amount not permitted by law, as the subject debt had already been fully settled at the time Defendant mailed Plaintiff the collection letter.

31.   As an experienced debt collector, Defendant knew or should have known the ramifications of using unfair, unconscionable, deceptive, and misleading means to attempt to collect a debt.

**WHEREFORE**, Plaintiff MARIA ALEXANDRA MENDEZ respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

32.   Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33.   Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34.   The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ.

Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a. **Violations of RFDCPA § 1788.17**

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

37. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17, and 15 U.S.C. §§1692e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

38. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff, MARIA ALEXANDRA MENDEZ, respectfully requests that this Honorable Court:

    b. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    c. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    d. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    e. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    f. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

| | |
|---|---|
| Dated: January 26, 2021 | Respectfully Submitted, |
| | /s/ Alexander J. Taylor |
| | Alexander J. Taylor, Esq. |
| | Sulaiman Law Group, Ltd |
| | 2500 S. Highland Ave, Suite 200 |
| | Lombard, IL 60148 |
| | Telephone: (630) 575-8181 |
| | ataylor@sulaimanlaw.com |
| | *Counsel for Plaintiff* |